## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**GLENN LEFORT**                                         **CIVIL ACTION NO.:**

**VERSUS**                                               **JUDGE:**

**LAFOURCH PARISH**
**FIRE PROTECTION DISTRICT NO. 3**

**AND**

**FREDDY GUIDRY, JR.**                                   **MAGISTRATE:**
**Individually, and in his Official Capacity,**
**Fire Chief of Lafourche Parish Fire Protection**
**District No. 3**

**AND**

**GENE GRIFFIN, in his Official Capacity,**
**As Board Member of Lafourche Parish Fire**
**Protection District No. 3**

**AND**

**MORRIS GUIDRY, in his Official Capacity,**
**As Board Member of Lafourche Parish Fire**
**Protection District No. 3**

**AND**

**DEAN GUIDRY, in his Official Capacity,**
**As Board Member of Lafourche Parish Fire**
**Protection District No. 3**

----------------------------------------------------------------------

# <u>COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, comes GLENN LEFORT,

respectfully avers as follows:

JURISDICTION

1.

Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and provisions of the Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, which incorporates through 42 U.S.C. § 12117 the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5. Additionally, the Court has supplemental jurisdiction over state law claims alleged in this Complaint, pursuant to 28 U.S.C. § 1367.

VENUE

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

PARTIES

3.

Plaintiff, GLENN LEFORT is a United States Citizen and is domiciled in the Parish of Lafourche, Louisiana which is in this judicial district.

4.

Made defendant herein is LAFOURCHE PARISH FIRE PROTECTION DISTRICT NO. 3, (hereinafter LPFD No. 3), a public corporation, pursuant to La R.S. 40:1500, capable of being sued.

5.

Also made defendant herein is FREDDY J. GUIDRY, JR., individually and in official capacity as Fire Chief and Administrator of Lafourche Parish Fire Protection District No. 3.

6.

Also made defendants herein are LPFD No. 3 Board Members, GENE GRIFFIN,

MORRIS GUIDRY, and DEAN GUIDRY, in their official capacities, all of whom voted in favor

of terminating Glenn Lefort's employment with LPFD No. 3.

STATEMENT OF FACTS

7.

Plaintiff, Glenn Lefort, was hired as a mechanic for the LPFD No. 3 on March 18, 2003.

8.

Plaintiff possessed the requisite training, certifications, and experience to fulfill the duties

of a mechanic.

9.

Plaintiff was hired with LPFD No. 3 full knowledge he was essentially deaf in his left ear

due to an accident when plaintiff was twelve years old.

10.

On March 28, 2007, Plaintiff was severely injured in a work site accident, having fallen

from a fire truck. Plaintiff sustained injuries including a right occipital non-depressed skull

fracture, right temporal bone fracture. Plaintiff also suffered severe to profound hearing loss in

his right ear resulting in 48.75% impairment in the right ear.

11.

As a result of the accident, plaintiff was placed on sick leave until he was able to return to

work on a light duty basis on July 23, 2007. Plaintiff was cleared to return to full work duties on

with no restrictions on August 21, 2007.

12.

Upon his return to duties as a mechanic, plaintiff was able to perform all the required job functions without limitation and was promoted to Master Mechanic.

13.

On February 1, 2008, plaintiff received a letter from Chief Guidry stating that LPFD No.3 Board will be holding a pre-disciplinary hearing on February 7, 2008 regarding plaintiff with disciplinary action being contemplated up to and including termination. The three cited reasons for the hearing were unwillingness or failure to perform duties of his position in a timely manner, conduct of a discourteous or wantonly offensive nature toward officers and employees, and insubordination. No action was taken by the Fire District Board at that time.

14.

On February 19, 2008, plaintiff was notified he would be subject of a disciplinary hearing to be held on February 26, 2008. Counsel for Plaintiff requested detailed information regarding the three complaints against plaintiff. Instead of receiving the requested information, counsel was notified the Disciplinary Matter had been postponed.

15.

A special board meeting, held on April 3, 2008, addressed the three complaints against plaintiff. The matter was resolved with the Board moving to place a private admonition letter in the employee's personnel file for 180 days and removed pending no further complaints.

16.

On September 22, 2008, the Board on the agenda listed "discuss personnel matters." Following the meeting, plaintiff requested audiotapes of the meeting, and copies of all notices of non-compliance citing specific portions of the policy and procedure manual.

4

17.

On March 2, 2009, plaintiff again requested audio tapes from September 22, 2008 Board meeting, as well as, requested the private admonition letter in plaintiff's employment file be removed.

18.

On June 15, 2009, Lafourche Parish District Attorney Camille A. Morvant sent a letter to LPFD No. 3 Board Chairman Lawrence Mounic stating the plaintiff's public records request had still not been fulfilled, in violation of La R.S. 44:31 et seq. The requested was fulfilled on August 18, 2009.

19.

Plaintiff issued a subsequent, second public records request via certified mail on September 15, 2009, which was not retrieved from Fire District Mailbox until October 10, 2009. On October 13, 2009, Counsel for Fire District replied stating answers to the requests are being compiled and should be complete by end of month. Four months later on January 16, 2010, the public records request was honored and a binder of documents turned over to plaintiff.

20.

On September 7, 2010, Chief Guidry met with Michael Seidemann, a Forensic and Industrial Audiologist, and Carla Seyler, a licensed rehabilitation counselor, regarding plaintiff's ability to fulfill the duties of Master Mechanic. Although the work environment of the mechanic shop is a controlled environment where normally, the loudest noise is that of air compressed driven tools. Chief Guidry, without proper warning to those present, including plaintiff, drove a fire truck into the shop revving the engine, activating the sirens, and blowing the air horns.

21.

Carla Seyler issued a report on September 9, 2010 stating that plaintiff was not capable of safely performing a job at the fire district. The report states it is not feasible for him to perform any other job at the fire district, and it is her opinion that there is no reasonable accommodation that would allow plaintiff to safely work in this environment and still perform the essential job tasks.

22.

October 27, 2010 is the last day plaintiff worked for LPFD No. 3. A Separation Notice alleging disqualification due to sufficient professional documentation concerning employee's medical limitations to perform his normal duties safely was issued on November 11, 2010.

23.

On November 22, 2010, plaintiff properly notified the LPFD No. 3 Board in writing within required time of his intent to appeal to the Civil Service Board.

24.

On December 9, 2010, plaintiff was reinstated and subsequently placed on administrative leave with pay.

25.

On February 23, 2011, Freddy Guidry, Jr., sent a letter to plaintiff informing him of a Pre-Disciplinary hearing set for March 1, 2011. The meeting was scheduled to discuss plaintiff's medical condition as it pertained to work.

26.

On February 28, 2011, counsel for plaintiff requested the hearing be rescheduled. Chief Guidry responded the same day the hearing will go on as scheduled. Counsel for plaintiff also

requested the Notice should be re-issued to properly reflect a medical issue and not a disciplinary matter. Following this request, Chief Guidry postponed the hearing until further notice.

27.

Plaintiff was placed on sick leave on March 17, 2011, which he remained on for 52 weeks, the maximum extent allowed by law. La. R.S. 33:1995. This action was taken after Chief Guidry's consultation with the State Examiner's office.

28.

A Separation Notice was issued on May 7, 2012. The Board held a special meeting to discuss Corrective Action of Employment where it was decided not to reinstate plaintiff for his own protection and protection of other district employees due to plaintiff's hearing impairment, without regard to any reasonable accommodation. Board Members Dean Guidry, Morris Guidry, and Gene Griffin voted in favor of not reinstating the plaintiff.

29.

On August 8, 2012, plaintiff timely filed an Equal Employment Opportunity Commission Intake Questionnaire, alleging wrongful termination due to his disability. Following a request by plaintiff for a Right to Sue Letter, the EEOC issued the Right to Sue Letter on December 16, 2013.

COUNT ONE – WRONGFUL TERMINATION ADA

30.

Petitioner repeats and re-alleges the allegations of the Paragraphs of "1" through "29" as though set forth fully herein.

31.

LPFD No. 3, Fire Chief Freddy Guidry, Jr.,  Dean Guidry, Morris Guidry, and Gene Griffin discriminated against, plaintiff, a qualified individual, on the basis of a disability in regard to discharge as an employee in violation of 42 U.S.C. § 12112.

32.

Under 42 U.S.C. § 12102, plaintiff has a disability as he suffers from profound hearing loss, being essentially deaf in his left ear and having 48.75% impairment in his right ear. Disability, with respect to an individual, defined in 42 U.S.C. § 12102(1) contains three alternative definitions. 42 U.S.C. § 12102(1)(A) defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(B) defines disability as "a record of such an impairment," while 42 U.S.C.§ 12102(1)(C) defines disability as "being regarded as having such an impairment."

33.

Major life activities, as defined in 42 U.S.C. § 12102(2)(A) includes hearing. Plaintiff suffering from profound hearing loss is substantially limited in this major life activity. Determination of an impairment substantially limiting a major life activity is to be made without regard to the ameliorative effects of mitigating measures such as hearing aids.

34.

Plaintiff has a record of impairment, as defined by 42 U.S.C. § 12102(1)(B). The record establishes the plaintiff suffered a worksite injury in 2007 sustaining hearing loss as a result of the accident, and also was essentially deaf in his left ear from a childhood accident.

8

35.

Even if plaintiff were found not to have a disability that substantially limits a major life activity or cannot be found to have a record of such impairment, he was regarded as having such impairment. Freddy Guidry, Jr., LPFD No. 3, Dean Guidry, Morris Guidry, and Gene Griffin sought his dismissal due to his hearing impairment.

36.

Plaintiff was a qualified individual, as required by 42 U.S.C. § 12112, as he was hired as a mechanic on March 18, 2003. Plaintiff came to the job with extensive work experience, training, and certifications as a mechanic. Following the worksite accident on March 28, 2007, plaintiff returned to work and resumed his duties, even being promoted to Master Mechanic, despite his hearing condition. He performed the duties without reasonable accommodations until his last day on October 27, 2010.

37.

Plaintiff's employment with the LPFD No. 3 was terminated as a result of an adverse employment decision because of his disability. LPFD No.3, Freddy Guidry, Jr., Dean Guidry, Morris Guidry, and Gene Griffin made no attempts to find reasonable accommodation for plaintiff in the performance of his duties.

COUNT TWO—LOUISIANA ANTI-DISCRIMINATION VIOLATION

38.

Petitioner repeats and re-alleges the allegations of the Paragraphs of "1" through "37" as though set forth fully herein.

39.

La R.S. 23:323 provides "no otherwise qualified person shall, on the basis of a disability, be subjected to discrimination in employment."

40.

Adopting the facts and allegations above and herein, plaintiff was discriminated against in his employment with LPFD No. 3 resulting in his termination due to his hearing disability, despite his proven qualifications to satisfactorily perform the requirements and duties of mechanic.

COUNT THREE—LOUISIANA WHISTLEBLOWER STATUTE VIOLATION

41.

Petitioner repeats and re-alleges Paragraphs "1" through "40" as though fully set forth herein.

42.

La R.S. 23:967 provides protection for employees who in good faith advises employer of violations of law. Plaintiff suffered reprisal in the form of termination of employment as a result of his history of advising the Fire District and administration it is in violation of law.

43.

On numerous occasions, LPFD No. 3 was not in accordance with Louisiana Open Meetings Law, specifically LA RS 42:19 Notice of Meetings. Notice of LPFD No. 3 Board meetings were either not posted at least 24 hours before meetings, or Notice would be posted in an area restricted from public access.

44.

LPFD No. 3 violated Louisiana Public Bid Law, La R.S. 38:2211 et seq., when it elected to purchase equipment from a local business, and not the lowest bidder.

45.

LPFD No. 3 violated Louisiana Public Records, La R.S. 44:31, law by failing to timely provide requested records.

46.

On three separate occasions, at the behest of plaintiff, the Lafourche Parish District Attorney sent letters to Fire District Board Chairman and or Fire Chief Freddy Guidry, Jr., warning of violations of Louisiana Open Meetings Law, LA R.S. 42:11 et seq.; Louisiana Public Bid Law, La R.S. 38:2211 et seq.; and Louisiana Public Records request, La R.S. 44:31 et seq.

47.

Petitioner is entitled to and hereby demands a trial by jury of all matters presented herein.

WHEREFORE, Petitioner, Glenn Lefort, prays that the Court grant relief enjoining LPFD No.3 from engaging in any act or practice that discriminates against any employee or applicant for employment on the basis of disability in violation of Title I of the ADA; pursuant 42 U.S.C. § 2000e-5 to award back pay, front pay, compensatory and punitive damages as would fully compensate petitioner for injuries caused by LPFD NO. 3, FREDDY GUIDRY, JR., GENE GRIFFIN, MORRIS GUIDRY, and DEAN GUIDRY, as well as attorney's fees and any other equitable relief as the Court deems necessary. Petitioner also moves for damages, including compensatory damages, back pay, benefits, front pay, attorney fees, and court costs, under La R.S. 23:303 for defendants violation of Louisiana anti-discrimination employment statutes. Petitioner also prays, under LA R.S. 23:967, the Court award compensatory damages, back pay,

benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal by LPFD No. 3, FREDDY GUIDRY, JR., GENE GRIFFIN, MORRIS GUIDRY, and DEAN GUIDRY due to petitioner's good faith disclosure of employer's violation of law. Petitioner, prays that summons be issue to defendants, LAFOURCHE PARISH FIRE DISTRICT NO. 3, FREDDY GUIDRY, JR., GENE GRIFFIN, MORRIS GUIDRY, and DEAN GUIDRY and that said summons and copies of this Complaint be served on the defendants, and after due proceedings had there be judgment herein in Plaintiff Lefort's favor against LAFOURCHE PARISH FIRE DISTRICT NO. 3, FREDDY GUIDRY, JR., GENE GRIFFIN, MORRIS GUIDRY, and DEAN GUIDRY.

Respectfully submitted;

LAW OFFICE OF CHRISTOPHER H. RIVIERE
A Professional Law Corporation


s/CHRISTOPHER H. RIVIERE
CHRISTOPHER H. RIVIERE (#11297) T.A.
WILLIAM N. ABEL (#33702)
TODD M. MAGEE (#35415)
103 West Third Street
Post Office Box 670
Thibodaux, Louisiana  70302-0670
Telephone:  (985) 447-7440
Facsimile:  (985) 447-3233


PLEASE SERVE:
Service by Waiver of Summons:

LAFOURCHE PARISH FIRE DISTRICT NO. 3
Through its proper agent for service of process,
Freddy Guidry, Jr. Fire Chief
17462 West Main
Cut Off, LA  70345

FREDDY GUIDRY, JR., individually
287 East 57th Street
Cut Off, LA  70345

GENE GRIFFIN in his official capacity as Board Member
of Lafourche Parish Fire Protection District #3
709 North Bayou Drive
Golden Meadow, LA 70357

MORRIS GUIDRY, in his official capacity as Board Member
of Lafourche Parish Fire Protection District #3
176 Verret Street
Golden Meadow, LA 70357

DEAN GUIDRY, in his official capacity as Board Member
of Lafourche Parish Fire Protection District #3
15729 East Main Street
Cut Off, LA  70345

# V E R I F I C A T I O N

**BEFORE ME,** the undersigned authority, personally came and appeared   GLENN

LEFORT , who after being duly sworn deposed and said:

He is the full age and a resident of the Parish of Lafourche, State of Louisiana, that he is

the complainant, and that he has read and reviewed the above and foregoing Complaint, and that

all of the allegations contained therein are true and correct to the best of his knowledge.

GLENN LEFORT

SWORN TO AND SUBSCRIBED

BEFORE ME, THIS 12th DAY

OF MARCH, 2014

NOTARY PUBLIC
TODD MAGEE, Notary #35415
My commission expires on death